IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAGEMELDING, INC, <br><br> Plaintiff, <br><br> v. <br><br> ESPN, INC., <br><br> Defendant. | No. C 11-06263 WHA <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND VACATING HEARING** |

**INTRODUCTION**

In this patent infringement action, defendant moves to dismiss for failure to state a claim upon which relief may be granted. For the reasons stated below, the motion is **GRANTED**.

**STATEMENT**

Plaintiff PageMelding, Inc. is the owner of United States Patent No. 6,442,577. The '577 patent "enables internet service and content providers to form mutually beneficial collaborations wherein website content is customized in accordance with those collaborations." Plaintiff contends that defendant ESPN, Inc. has infringed the '577 patent. Plaintiff asserts that examples of defendant's infringement include but are not limited to defendant's ESPN3 and WatchESPN websites. Plaintiff alleges direct and indirect infringement (Compl. ¶¶ 1–17). Defendant now moves to dismiss for failure to state a claim upon which relief may be granted. This order follows full briefing.

**ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1949–50.

### 1. DIRECT INFRINGEMENT.

Section 271(a) of the United States Patent Act states that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. 271(a).

Plaintiff alleges that it is the owner of the '577 patent which "enables Internet service and content providers to form mutually beneficial collaborations wherein website content is customized in accordance with those collaborations" (Compl. ¶ 4). Plaintiff has identified two of defendant's products — the ESPN3 and WatchESPN websites — as products that infringe the '577 patent because "dynamically form[ed] web pages" are found at these locations (*id.* at ¶ 15).

Defendant contends that plaintiff's claim for direct infringement is insufficient because it fails to "identify with any meaningful specificity the particular methods or products that are accused of infringement" and fails to provide in any detail "what the '577 patent is supposed to cover, or identify any specific methods or products of ESPN that are alleged to be within the scope of the '577 patent's claims" (Br. 2).

In opposition to defendant's motion, plaintiff places great weight on the fact that its pleading is in compliance with Rule 84 and Form 18. Rule 84 states that the "forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Plaintiff contends that it has sufficiently pleaded direct infringement using Form 18 (Opp. 8). While it is true that the Federal Circuit has held that Form 18 complies with

2

the pleading standard set forth in *Twombly*, there has been no similar ruling subsequent to the Supreme Court's decision in *Iqbal* which further clarified Rule 8's pleading requirements. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356–57 (Fed. Cir. 2007).

*McZeal* stated that a complaint would be sufficient if it "places the alleged infringer on notice as to what he must defend" and that compliance with Form 18 meets this basic requirement. *Id.* at 1357. As mentioned, *McZeal* was decided prior to *Iqbal,* which held that "*Twombly* expounded the pleading standard for *all civil actions*" and Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949–53 (internal quotations omitted) (emphasis added).

In light of this, plaintiff's argument fails for two reasons. *First*, Form 18 provides for nothing more than the type of "defendant-unlawfully-harmed-me accusation" expressly rejected in *Iqbal*. *See* FRCP Appendix of Forms, Form 18 (recommending in a "Complaint for Patent Infringement" a statement that "defendant has infringed and is still infringing the Letters Patent by making, selling, and using [the accused products] that embody the patented invention"). *Second*, the Supreme Court surely was aware of existing precedent, the Federal Rules of Civil Procedure, and the forms contained within. Absent any evidence that it intended to exempt patent infringement claims from the standard set forth in *Iqbal*, this order concludes that *McZeal* was disapproved to the extent that compliance with Form 18 was sufficient to withstand a motion to dismiss for failure to state a claim. To do otherwise would require blatant disregard for the Supreme Court's holding.

For the foregoing reasons, plaintiff's claims must therefore be examined under the *Iqbal* standard. Here, the claims are nothing more than legal conclusions couched as factual allegations. Simply alleging that plaintiff is the owner of a patent, stating in the most general terms what that product does without identifying *how* the product accomplishes any of its functions, and alleging two potentially infringing products are owned by defendant, without explanation as to the *how* or *why* these products infringe, does not lead to any inference that plaintiff may be entitled to relief. There can be no dispute that one of the most important, if not key, purposes of a complaint is to provide notice to defendant of its alleged wrongdoing and

1 allow it to respond. *See Twombly*, 550 U.S. 565 n. 10. Where, as here, "a defendant seeking to
2 respond to plaintiff's[] conclusory allegations . . . would have little idea where to begin," the
3 notice function of Rule 8 is unfulfilled. *Ibid.*

4 For the foregoing reasons, defendant's motion to dismiss plaintiff's claim for direct
5 infringement is **GRANTED**.

     **2.     INDIRECT INFRINGEMENT.**

7 There are two theories under which a party may be held liable for indirect infringement:
8 (1) induced infringement under 35 U.S.C. 271(b) and (2) contributory infringement under
9 35 U.S.C. 271(c). Plaintiff has alleged claims for relief for both forms of indirect infringement
10 (Compl. ¶ 15).

11 Induced infringement under 35 U.S.C. 271(b) requires the direct infringement by another
12 entity, and that this direct infringement be "actively induce[d]" by the party accused under
13 Section 271(b). *See i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed. Cir. 2010).
14 Plaintiff has made no allegation that any entity other than defendant directly infringed the
15 '577 patent. Moreover, there are insufficient facts supporting a plausible inference of active
16 inducement. Plaintiff has alleged no facts to show a "specific intent to encourage another's
17 infringement."

18 Similarly, the complaint is devoid of facts to support a plausible inference of contributory
19 infringement. "A party is liable for contributory infringement if that party sells, or offers to sell,
20 a material or apparatus for use in practicing a patented process. That material or apparatus must
21 be a material part of the invention, have no substantial noninfringing uses, and be known (by the
22 party) to be especially made or especially adapted for use in an infringement of such patent."
23 *Id.* at 850–51 (internal quotations omitted). Plaintiff has made no allegation that the accused
24 products — defendant's websites — were a component of a patented product or process
25 constituting a material part of the patented invention or that the accused websites are not capable
26 of substantial noninfringing use. *Ibid.*

27 In opposing defendant's motion, plaintiff relies exclusively on Rule 84 to argue that such
28 allegations are not required. This argument has already been addressed above in regard to direct

4

infringement claims. Plaintiff's argument fails for another reason as well, namely that Form 18 is silent as to any theory of indirect patent infringement. *See generally* FRCP Appendix of Forms, Form 18. Nowhere are theories and elements of induced infringement or contributory infringement referenced. Given this silence, this order finds that plaintiff cannot hide behind Form 18.

For these reasons, defendant's motion to dismiss plaintiff's indirect infringement claims is **GRANTED**.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED**. The hearing scheduled for March 22, 2012, is **VACATED**. Plaintiff may seek leave to amend and will have **FOURTEEN CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion. The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein.

**IT IS SO ORDERED.**

Dated: March 13, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE