1
2
3
4
5
6                          IN THE UNITED STATES DISTRICT COURT

7                         FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9

10    PAGEMELDING, INC.,

11              Plaintiff,                              No. C 11-06263 WHA

12         v.

13    ESPN, INC.,                                  **ORDER DENYING PLAINTIFF'S MOTION
                                                   FOR LEAVE TO FILE FIRST AMENDED**
14              Defendant.                         **COMPLAINT AND VACATING HEARING**

15    _____/

16
                                        **INTRODUCTION**
17
             In this patent-infringement action, plaintiff moves for leave to file a first amended
18
      complaint.  For the following reasons, the motion is **DENIED**.
19
                                         **STATEMENT**
20
             Plaintiff PageMelding, Inc. is a Delaware corporation with its principal place of business
21
      in Sonora, California.  Defendant ESPN, Inc. is a Delaware corporation, with its principal place
22
      of business in Bristol, Connecticut.  Plaintiff is the owner of United States Patent No. 6,442,577.
23
      The '577 patent "enables internet service [ISPs] and content providers [ICPs] to form mutually
24
      beneficial collaborations wherein website content is customized in accordance with those
25
      collaborations," as opposed to regular websites in which the content presented is the same for
26
      all visitors, or premium websites where users pay a fee or have passwords in order to access the
27
      websites.  According to plaintiff, the '577 patent enables websites to be customized for certain
28
      ISPs or other organizations, so that the content displayed to the visitor is determined by the ISP

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1    or the organization through which the visitor accesses the web page.  These customized web

2    pages are called "dynamically formed websites."  For example, an ICP — *e.g.*, defendant

3    ESPN — can form a partnership with an ISP — *e.g.*, AT&T or Charter Communications — by

4    which customers of either ISP will see an ESPN website differently depending on the identity of

5    the customers' ISP (First Amd. Compl. ¶¶ 1–7).

6        Plaintiff contends that defendant ESPN, Inc. has infringed at least claims 1 and 7 of the

7    '577 patent, the method claims, and claims 17 and 22 of the '577 patent, the apparatus which

8    contains and executes the method claims.  Plaintiff asserts that examples of defendant's

9    infringement include, but are not limited to, defendant's ESPN3 and WatchESPN websites and

10   alleges both direct and indirect infringement.  Plaintiff's initial complaint was dismissed

11   pursuant to Rule 12(b)(6) for failure to state a claim (Dkt. No. 38).  Plaintiff now moves for

12   leave to file a first amended complaint.  This order follows full briefing.

13                                    **ANALYSIS**

14       Under Rule 15, leave to amend should be given when justice so requires.  The underlying

15   purpose of Rule 15 is to facilitate decisions on the merits, rather than on the pleadings or

16   technicalities.  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  In the absence of

17   an apparent reason, such as undue delay, bad faith, undue prejudice, or futility of amendment,

18   leave should be "freely given."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In assessing these

19   factors, all inferences should be made in favor of granting the motion.  *Griggs v. Pace Am.*

20   *Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

21       Defendant challenges plaintiff's motion on the ground that amendment would be futile.

22   Therefore, this order need not consider issues of undue delay, bad faith, or undue prejudice.

23       **1.       FUTILITY.**

24       "A motion for leave to amend may be denied if it appears to be futile or legally

25   insufficient . . . [The] proper test to be applied when determining the legal sufficiency of a

26   proposed amendment is identical to the one used when considering the sufficiency of a pleading

27   challenged under Rule 12(b)(6)."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.

28   1988).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50. A "formulaic recitation of a cause of action's elements" is not enough. *Twombly*, 550 U.S. at 555.

### A. Direct Infringement.

Section 271(a) of the United States Patent Act states that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. 271(a).

Plaintiff's amended complaint does little to remedy the deficiencies identified in the original order granting dismissal. While it is true that the new complaint further elucidates how plaintiff's patent operates, it does little in the way of alleging how defendant's infringe the patent. The amended complaint states that defendant engaged in agreements with ISPs — including AT&T — to provide customized web pages. It further alleges that ESPN is a "second type network node" as defined by the patent, and that ISPs such as AT&T qualify as "first type network nodes" as defined by the patent, but does not state why. Plaintiff's amended complaint alleges that the method by which ESPN creates personalized websites for ISPs like AT&T is identical to the way in which the '577 patent, through claims 1 and 7, teaches the creation for such websites, but again does not say *why* or *how*. The amended complaint also alleges that ESPN performs all of the steps involved in the relevant claims in order to produce the customized web pages by engaging in agreements with ISPs to become "Participating Providers" to create customized web pages. Then, ESPN's software and hardware identify the users visiting ESPN's websites, and based on that identity, it creates different web pages for the users to see, depending on the agreement with the ISP. Finally, plaintiff has identified at least four examples of web pages that are the result of ESPN's use the method patent (First Amd. Compl. ¶¶ 20–33).

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    Plaintiff also alleges that ESPN maintains an apparatus comprised of hardware and

2  software which perform the above functions.  Plaintiff claims this apparatus infringes claims

3  17 and 22 of the '577 patent by receiving service requests from a internet user, identifying the

4  user's ISP, and executing the method for creating the customized web page which is ultimately

5  displayed to the user (*id.* at ¶ 31).

6    Defendant contends that plaintiff's amended complaint still fails to state the *how* and

7  *why* defendant's web pages infringe the '577 patent and therefore, granting leave to amend

8  would be futile.  Defendant argues that the proposed amended complaint "does not make any

9  attempt to explain *how* such content within ESPN's web pages is customized."  Defendant is

10  correct.  Essentially, plaintiff's amended complaint boils down to the following accusation:

11  Plaintiff owns the '577 patent.  The patent discloses a method of creating websites by identifying

12  a user's ISP.  Defendant does the same thing.  Fatal to plaintiff's complaint is the fact that the

13  '577 is a method patent.  Plaintiff has made no attempt to explain why it hasn't attempted to

14  reverse engineer defendant's publicly available information, nor that such an attempt would be

15  futile.  All plaintiff has done is visited defendant's website through several different ISPs,

16  witnessed the end product, and alleged infringement.  Plaintiff must engage in a good faith

17  investigation, consistent with Rule 11, as to *how* defendant accomplishes the creation of

18  customized web pages.  Merely explaining how plaintiff's patent works and stating that

19  defendant produces a similar end product, is not enough.  There are many ways to reach a

20  destination and not everyone necessarily traveled the same path.  Plaintiff has made no assertion

21  that it owns customized web pages.  Just because defendant creates an end product similar to that

22  created by plaintiff's patent does not give rise to a reasonable inference of infringement.

23  Plaintiff's pleading approach still smacks too much of "shoot first and ask questions later."

24    Therefore, plaintiff's motion for leave to file a first amended complaint alleging direct

25  infringement is **DENIED**.

26              **B.    Indirect Infringement.**

27    There are two theories under which a party may be held liable for indirect infringement:

28  (1) induced infringement under 35 U.S.C. 271(b) and (2) contributory infringement under

4

United States District Court
For the Northern District of California

35 U.S.C. 271(c).  "Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement."  *Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993).  Plaintiff has alleged both (First Amd. Compl. ¶¶ 35–52).

Induced infringement under 35 U.S.C. 271(b) requires the direct infringement by another entity "and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."  *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed. Cir. 2010).  Because plaintiff has failed to allege direct infringement by defendant ESPN, any similar allegation that a third party infringes is equally deficient.

"A party is liable for contributory infringement if that party sells, or offers to sell, a material or apparatus for use in practicing a patented process.  That material or apparatus must be a material part of the invention, have no substantial noninfringing uses, and be known (by the party) to be especially made or especially adapted for use in an infringement of such patent."  *Id*. at 850–51 (internal quotations omitted).

Plaintiff has also failed to sufficiently allege contributory infringement.  *First*, and as mentioned above, plaintiff has failed to allege direct infringement.  One cannot contributorily infringe where no direct infringement has occurred.  *Joy Technologies*, 6 F.3d at 774. *Second*, even if plaintiff were to have sufficiently alleged direct infringement, fatal to plaintiff's complaint is that it does not allege that defendant actually sells the apparatus used for executing the method.  In fact, the complaint states that defendant "continues to *use* the accused ESPN apparatus on its websites" and offers to sell the produced "website *content*" (First Amd. Compl. ¶ 49) (emphasis added).  Again, plaintiff has not claimed intellectual property rights in the end product, but only in the method and apparatus for executing the method.  Using the apparatus and selling the apparatus are two different things and, absent an allegation that the apparatus itself is offered for sale, plaintiff fails to assert a claim for contributory infringement.

Therefore, plaintiff's motion for leave to file a first amended complaint alleging indirect infringement is **DENIED**.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to file a first amended complaint is **DENIED**. The hearing scheduled for May 3, 2012, is **VACATED**. Plaintiff may seek leave to amend and will have **FOURTEEN CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion. The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein.

**IT IS SO ORDERED.**

Dated:  April 30, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

6