IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAGEMELDING, INC,

    Plaintiff,

  v.

ESPN, INC.,

    Defendant.
                                 /

No. C 11-06263 WHA

**ORDER GRANTING LEAVE TO AMEND AND VACATING HEARING**

## INTRODUCTION

In this patent-infringement action, plaintiff again moves for leave to file a first amended complaint. For the reasons stated below, the motion is **GRANTED**. The motion hearing scheduled for July 12 is **VACATED**.

## STATEMENT

This action's background has been described in prior orders and will be summarized below (Dkt. Nos. 38, 48). This action was filed in December 2011. A few months later, plaintiff's complaint was dismissed for failure to allege specific facts showing infringement of U.S. Patent No. 6,442,577. A couple of months later, another order denied plaintiff leave to file an amended complaint, again for failure to allege sufficiently specific facts under *Twombly* and *Iqbal*. Now, plaintiff moves again to file a first amended complaint.

Very recently, after the parties finished briefing this motion, the Federal Circuit issued an opinion clarifying patent infringement pleading standards in *In re Bill of Lading Transmission and Processing Systems Patent Litigation*, No. 2010-1493, 2012 WL 2044605 (Fed. Cir. June 7, 2012).

**ANALYSIS**

In *In re Bill of Lading*, the Federal Circuit reversed a district court's dismissal for failure to state a claim of direct and inducing infringement. Writing for the majority in a 2-1 split decision, Judge Kathleen O'Malley highlighted a potential tension between the Supreme Court cases of *Iqbal* and *Twombly*, and the bare-bones Form 18 for direct infringement in the Federal Rules. The court of appeals held that adequate pleading of direct infringement is to be measured by the specificity required by Form 18, explaining that a plaintiff does not need to plead facts establishing that each element of an asserted claim is met. *In re Bill of Lading*, 2012 WL 2044605 at 6–8. Judge Pauline Newman dissented, arguing that Form 18 complaints are normally insufficient under the Supreme Court's pleading standards. *Id.* at 19–20.

Notably, the Federal Circuit's decision drew a distinction between the pleading standards for direct and indirect infringement. For allegations of indirect infringement (contributory and inducing infringement), plaintiffs must allege sufficient facts to meet the pleading standards articulated in *Iqbal* and *Twombly*. *Id.* at 9.

**1. DIRECT INFRINGEMENT.**

Plaintiff has provided detailed allegations regarding the operation of the allegedly infringing ESPN websites — including how ESPN customizes content in its web pages. This information includes an analysis of the code provided by ESPN, an analysis of ESPN's userData application, and an explanation as to why an internet service provider such as AT&T is a "first type network node" and an internet content provider such as ESPN is a "second type network node" within the meaning of the asserted patent. Nothing more is required from Form 18 for alleging direct infringement.

**2. INDUCED INFRINGEMENT.**

Form 18 measures only the sufficiency of allegations of direct infringement, and not indirect infringement. *In re Bill of Lading*, 2012 WL 2044605 at 9. A caveat however is that the *underlying* act of direct infringement, which is necessary to support a claim of indirect infringement, need only be pled in compliance with Form 18. *Id.* at 6–7. As for the remaining requirements to allege induced infringement, the complaint must contain facts plausibly showing

2

United States District Court
For the Northern District of California

1 that defendant specifically intended another party to infringe the patent and knew that the direct
2 infringer's acts constituted infringement. The factual allegations must support reasonable
3 inferences, drawn in favor of the non-moving party, for a plausible claim. *Id.* at 12–13. Plaintiff
4 need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that
5 at least one direct infringer exists. *Id.* at 8.

6 In its proposed complaint, plaintiff has identified third-party infringers as users of
7 ESPN's "Participating Providers," which include AT&T, Cox Communications and Charter
8 Communications (First Amd Compl. ¶¶ 95–99). As discussed above, plaintiff sufficiently
9 alleges that these third-parties were direct infringers under the Form 18 standard.

10 Pagemelding has also alleged facts, that if true, would lead to reasonable inferences that
11 ESPN intended another party to infringe the patent and knew that the direct infringer's acts
12 constituted infringement. ESPN intended third-parties to use the websites that are alleged to be
13 infringing. ESPN actively promotes users of its websites to utilize one of the affiliated ISPs to
14 access the ESPN website content. For example, when a user with a non-affiliated ISP clicks on a
15 link to view a live sporting event on the ESPN3 website, that user may be presented with content
16 that includes ESPN's request, "Switch to an [sic] WatchESPN affiliated ISP or to [sic] contact
17 your ISP and request WatchESPN." ESPN also solicits ISPs and other entities to enter into
18 agreements with ESPN to become "Participating Providers," which include the alleged direct
19 infringers AT&T, Cox Communications and Charter Communications (Compl. ¶¶ 96–101).

20 ESPN also had (and has) knowledge of the asserted patent. In October 2011,
21 PageMelding sent to ESPN a letter stating that ESPN was utilizing the technology disclosed in
22 the '577 Patent on ESPN's websites, including the ESPN.com, ESPN3.com and
23 WatchESPN.com websites (Compl. ¶ 19).

3

**CONCLUSION**

For the reasons stated above, plaintiff's motion for leave to file its first amended complaint is **GRANTED**. The hearing scheduled for July 12 is **VACATED**. If the Federal Circuit hears *In re Bill of Lading* en banc, then perhaps this order will eventually be re-visited as well.

**IT IS SO ORDERED.**

Dated: June 18, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4