IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAGEMELDING, INC., | No. C 11-06263 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES** |
| ESPN, INC., | |
| Defendant. | |

**INTRODUCTION**

In this patent-infringement action, plaintiff moves to dismiss and/or strike defendant's counterclaims for declaratory relief and affirmative defenses. For the foregoing reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**STATEMENT**

This action's background has been described in prior orders (Dkt. Nos. 38, 48, and 56). In brief, plaintiff PageMelding, Inc. is the owner of United States Patent No. 6,442,577. The '577 patent "enables internet service and content providers to form mutually beneficial collaborations wherein website content is customized in accordance with those collaborations." Plaintiff asserts that examples of defendant's infringement include, but are not limited to, defendant's ESPN3 and WatchESPN websites. Plaintiff alleges direct and indirect infringement (Compl. ¶¶ 1–17).

After several attempts to amend its alleged infringement claim, an order held that plaintiff's now-operative complaint satisfies Form 18, which is sufficient under the Federal Circuit's recent precedent. *In re Bill of Lading Transmission and Processing Systems Patent Litigations*, 681 F.3d 1323 (Fed. Cir. June 7, 2012). Twenty-one days after PageMelding filed its first amended complaint, ESPN filed its answer, which included twelve affirmative defenses and two counterclaims (Dkt. No. 59). The first counterclaim is for declaratory judgment of non-infringement and the second is for declaratory judgment of invalidity. Plaintiff then filed a motion to dismiss defendant's counterclaims and to strike affirmative defenses, alleging that ESPN's counterclaims fail to state any facts that would put plaintiff on notice of the basis of the claims. Plaintiff also alleges that ESPN's affirmative defenses lack any factual allegations and are thus wholly comprised of conclusory statements and denials of wrongdoing (Dkt. No. 66).

**ANALYSIS**

A motion to dismiss a counterclaim brought pursuant to FRCP 12(b)(6) is evaluated under the same standard as motion to dismiss a plaintiff's complaint. To survive a motion to dismiss, a counterclaim must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *E.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009). Where a court dismisses for failure to state a claim pursuant to FRCP 12(b)(6), it should normally grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

A motion to strike an affirmative defense is allowable under FRCP 12(f), under which a court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An affirmative defense is not sufficiently pled unless it gives plaintiff fair notice of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Whether *Iqbal* and *Twombly* apply to affirmative defenses has not been decided by our court of appeals. Within this district, however, there is widespread agreement that they do. *See, e.g., Powertech Technology v. Tessera, Inc.*, 2012 WL 1746848, at *4 (N.D. Cal. May 16, 2012) (Wilken, J.); *Perez v. Gordon & Wong Law Group, P.C.*, 2012 WL 1029425, at *8 (N.D. Cal.

2

Mar. 26, 2012) (Koh, J.); *Dion v. Fulton Friedman & Gullace LLP*, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012) (Conti, J.); *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) (Patel, J.). If an affirmative defense is stricken, the court should grant leave to amend "when justice so requires." FRCP 15(a)(2).

### 1. TIMELINESS OF ANSWER.

"Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." FRCP 15(a)(3). ESPN's answer was filed 21 days after plaintiff filed and served its first amended complaint. This was close enough given the circumstances of this action. Accordingly, plaintiff's request for entry of default has no merit and is **DENIED**.

### 2. MERITS OF MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT.

FRCP 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which the Supreme Court in *Iqbal* and *Twombly* interpreted as requiring a showing of facial plausibility. By contrast, Form 18 — the controlling form for direct patent-infringement claims — requires little more than a conclusory statement that the defendant infringed the plaintiff's patent. It is very hard to reconcile Form 18 with *Twombly* and *Iqbal*.

Pursuant to *In re Bill of Lading*, however, ESPN's counterclaim for declaratory relief regarding *direct* non-infringement is sufficient. In contrast, the lack of particular facts in its counterclaims for *indirect* non-infringement and invalidity, are fatal. While a court "must take all of the factual allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

#### A. Declaratory Relief Regarding Non-Infringement.

According to defendant's answer:

> 16. ESPN has not infringed and does not infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of the '577 patent. In particular, ESPN has not and does not directly infringe, contributorily infringe, or induce the infringement of any valid and enforceable claim of the '577 patent.

3

> 17. ESPN is entitled to a declaratory judgment that it has not infringed and does not infringe (either literally or under the doctrine of equivalents) the '577 patent.

(Ans. at 13). The direct non-infringement portion of ESPN's counterclaim must be evaluated under Form 18, whereas the indirect non-infringement portion is subjected to the heightened pleading standard of *Iqbal* and *Twombly*.

### *(1) ESPN's Direct Non-Infringement Claim.*

Plaintiff wants it both ways. It wants the benefit of the skimpy Form 18 pleading for itself but when it comes to the mirror image pleading for declaratory relief by the accused infringer, it wants to impose an *Iqbal* and *Twombly* standard. This is most unfair. Defendant's direct non-infringement allegations are sufficient if they have at least as much detail as Form 18. The example of direct infringement allegations in Form 18 is as follows: "The defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented inventions, and the defendant will continue to do so unless enjoined by this court." ESPN's explanation that there is a controversy over whether ESPN is not directly infringing upon one or more claims of the '577 patent through its WatchESPN and ESPN3 websites is substantially similar to the allegation in Form 18 because it identifies the allegedly infringing activity and the allegedly infringed patents (Ans. 3–8). Plaintiff's motion to dismiss this part of the counterclaim is therefore **DENIED**.

### *(2) ESPN's Indirect Non-Infringement Claim.*

Form 18 measures only the sufficiency of allegations of direct infringement, not induced infringement. *In re Bill of Lading*, 681 F.3d at 1336. Consequently, ESPN's indirect non-infringement counterclaim is evaluated under *Iqbal* and *Twombly*. ESPN has not alleged any facts, that if true, would lead to a reasonable inference that it did not intend another party to infringe the patent-at-issue. ESPN argues that it need not allege details supporting its counterclaim because PageMelding did not disclose "the specific manner in which the ESPN websites customize content based on a specific Participating Provider, or Internet Service Provider" (Ans. 4–5). Whereas the claim for infringement is plaintiff's burden, ESPN bears the

4

burden of proof on its non-infringement counterclaim.  Plaintiff's motion to dismiss this portion of the counterclaim is accordingly **GRANTED WITH LEAVE TO AMEND**.

### B. Declaratory Relief Regarding Invalidity.

Plaintiff argues that because ESPN did not specify the law or laws that allegedly invalidate claims of the '577 patent, it is left to speculate as to the factual basis for defendant's allegation of invalidity.  According to defendant's answer:

> 19.  One or more claims of the '577 patent are invalid for failing to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112.
>
> 20.  ESPN is entitled to a declaratory judgment that one or more claims of the '577 patent are invalid.

(*Id*. at 13).  Defendant's conclusory pleading of the statutes results in a general allegation that the '577 patent is defective, nothing more.  This counterclaim falls short of the "fair notice" requirement of FRCP 8 as interpreted by *Iqbal* and *Twombly*.  Accordingly, plaintiff's motion to dismiss this counterclaim is **GRANTED WITH LEAVE TO AMEND**.

### 3. MERITS OF MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES.

Affirmative defenses are governed by the same pleading standards as claims. Notice requires more than legal conclusions; factual allegations must establish a right to relief that is "beyond the speculative level." *Twombly*, 550 U.S. at 555.  Because all twelve of ESPN's affirmative defenses fail to allege any facts explaining their basis, they are insufficient. Plaintiff's motion to strike affirmative defenses one through twelve is therefore **GRANTED WITH LEAVE TO AMEND**.

This order recognizes the unfairness in allowing a bare-bones Form 18 complaint to go forward in patent litigation with all of its bone-crushing burden while, at the same time, prohibiting the defendant from pleading affirmative defenses with such brevity.  This unfairness is inherent in the court of appeals' decision to permit Form 18 pleading despite the Supreme Court's pronouncement in *Iqbal* and *Twombly*.  In time this imbalance will perhaps be addressed by the Supreme Court.  Meanwhile, district judges are obliged to acquiesce.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to dismiss defendant's counterclaims for declaratory relief in **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's motion to strike affirmative defenses 1–12 is **GRANTED**. Defendant may seek to amend and will have **21 CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to amend its counterclaims and affirmative defenses. Proposed amended counterclaims and affirmative defenses must be appended to the motion. The motion should clearly explain how the amendments cure the deficiencies identified herein.

**IT IS SO ORDERED.**

Dated: September 6, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE