IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAGEMELDING, INC., | No. C 11-06263 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR SANCTION OF DISMISSAL** |
| ESPN, INC., | |
| Defendant. | |

## INTRODUCTION

In this patent action involving customized web pages, defendant requests that the action be dismissed as a sanction for plaintiff's alleged failure to cure inadequate infringement contentions. Both sides move for fees and costs on the briefing. For the reasons explained below, the motions are **DENIED**.

## STATEMENT

This action's background has been described in prior orders (Dkt. Nos. 38, 48, 56, and 71). In brief, plaintiff PageMelding, Inc. is the owner of United States Patent No. 6,442,577. The '577 patent "enables internet service and content providers to form mutually beneficial collaborations wherein website content is customized in accordance with those collaborations." Plaintiff asserts that examples of defendant ESPN's infringement include, but are not limited to, defendant's ESPN3 and WatchESPN websites.

On August 3, 2012, PageMelding served its infringement contentions pursuant to Patent Local Rule 3-1. ESPN subsequently filed a motion to compel PageMelding to provide more detail in its infringement contentions. At a November 16 hearing, the undersigned granted PageMelding an opportunity to cure the alleged deficiencies by serving amended infringement contentions.

Following service of PageMelding's amended infringement contentions, ESPN filed the instant motion for a sanction of dismissal. ESPN contends that PageMelding's amended infringement contentions: (i) fail to identify the specific web pages it accuses of infringement; (ii) improperly rely on activity by one product to allege infringement against both products; and (iii) fail to identify the software and hardware associated with the alleged infringement.

**ANALYSIS**

**1. LEGAL STANDARD.**

Patent Local Rule 3-1(c) requires "[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function."

The patent local rules are designed "[to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." Rule 3-1 "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Bender v. Maxim Integrated Prods., Inc.*, No. 09-CV-01152, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) (Judge Illston). To satisfy Rule 3-1, a "plaintiff [must] compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products[;] . . . reverse engineering or its equivalent are required." *Network Caching Tech. LLC v. Novell, Inc.*, No. 02-CV-012079, 2002 WL 32126128, at *3–4 (N.D. Cal. Aug. 13, 2002) (Judge Walker).

2

"If a party fails to obey an order to provide discovery, the court may dismiss the action, 'rendering a judgment by default against the disobedient party.'" *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (citing FRCP 37(b)(2)). "Dismissal, however, is authorized only in 'extreme circumstances' and only where the violation is 'due to willfulness, bad faith, or fault of the party.'" *Ibid.*

> Before imposing the harsh sanction of dismissal, the district court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. . . . Due process concerns further require that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression "threaten[s] to interfere with the rightful decision of the case."

*Anheuser Bush, Inc., v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (citations omitted). The Federal Rules also authorize lesser sanctions for failure to heed a discovery order, including the sanction of preclusion. FRCP 37(b)(2)(A)(ii).

### 2. PRECLUSION AND COMPULSION.

ESPN has identified several deficiencies in PageMelding's infringement contentions. These deficiencies persist despite PageMelding being allowed an opportunity to amend and a clear warning that it would not be allowed to amend a second time. From the present record, however, the extent to which PageMelding could cure these deficiencies using publicly available information is unclear. It further appears that the adequacy of certain disclosures may hinge on claim construction. The Court is also mindful that less drastic sanctions than dismissal remain practicable.

This order concludes that, under the circumstances, a sanction of dismissal is unwarranted. For the specific deficiencies raised by ESPN, this order provides additional detail and guidance below. In some instances, PageMelding shall be strictly limited to the specific disclosures contained in its amended infringement contentions. In other instances, this order construes ESPN's request as a motion to compel specific disclosures.

### A. Identification of Infringing Products.

ESPN first contends that PageMelding failed to heed the admonition that PageMelding must specifically identify each individual web page it accuses of infringement. PageMelding

3

1    responds that doing so is impossible because ESPN's website is updated to add and to remove
2    web pages on an ongoing basis, and because ESPN forms different web pages for the same
3    address. In its reply brief, ESPN abandons this objection, which shall be deemed withdrawn.

4    ESPN simultaneously advances a more nuanced objection. The problem, ESPN also
5    asserts, is that PageMelding is unwilling in its infringement contentions to specify something
6    like "domain espn.go.com/watchespn and all subdomains thereof." Instead, PageMelding refers
7    to examples of alleged infringement that it has witnessed and hedges on the remainder, stating
8    that "[a]ll known instances of infringement via the WatchESPN webpages . . . are pages within
9    the domain http://espn.go.com/watchespn." ESPN complains that PageMelding's wording
10   leaves it free to accuse "any one of hundreds of web pages under the domain espn.go.com" based
11   on claim charts that only refer to *examples* from within "espn.go.com/watchespn."

12   PageMelding's use of example web pages and ambiguous wording in its infringement
13   contentions is problematic, but it does not merit the extreme sanction of dismissal. Although
14   ESPN attempts to disclaim its initial objections, the underlying practical issue remains:
15   PageMelding cannot exhaustively identify the allegedly infringing web pages. For this reason,
16   ESPN's reliance on *Oracle America, Inc. v. Google Inc.*, No. 10-3561, 2011 WL 4479305, at
17   *1–2 (N.D. Cal. Sept. 26, 2011), is misplaced. There, Oracle failed to specifically identify
18   several phone models running Android that it later contended were infringing. Those models
19   actually existed at the time Oracle served its infringement contentions and could have been
20   identified. Here, PageMelding cannot confidently identify particular web pages or subdomains
21   because they may not exist from one day to the next. In its opposition, PageMelding does not
22   address ESPN's further concern that PageMelding could enlarge its infringement contentions to
23   cover 'all of ESPN' based on the ambiguous wording.

24   Given that PageMelding has already had the opportunity to amend, identification of
25   infringing web pages by a few representative examples is inadequate. This order holds that
26   PageMelding's infringement contentions shall be limited to pages within the domain
27   "espn.go.com/watchespn." Given the particular circumstances of the alleged infringement, this
28   limitation provides specificity sufficient to satisfy the local rule. ESPN also concedes that this

4

1  limitation would be acceptable to it and that the limitation would encompass both WatchESPN
2  and ESPN3, the two ESPN "products" identified in PageMelding's infringement contentions.

### B  Contentions Based on WatchESPN vs. ESPN3.

ESPN contends that although PageMelding has accused two distinct "products" or "online services" of infringement — WatchESPN and ESPN3 — PageMelding's claim charts rely only on activity from ESPN3. Specifically, PageMelding uses the same URLs to refer to infringement by both products.

PageMelding responds that WatchESPN infringement occurs via co-branding, and ESPN3 infringement occurs via the delivery of separate audio/video content. These alleged infringements can exist separately or on the same web page, and PageMelding provides examples of alleged WatchESPN infringement that does not rely on ESPN3. In its reply brief, ESPN does not address PageMelding's responses to its objection.

Upon review, it appears that the infringement contention charts address separate infringements by separate products. This order holds that they are sufficient under the local rule.

### C.  Identification of Infringing Hardware.

Discovery is this action is ongoing, and ESPN has not yet produced confidential technical information to PageMelding regarding ESPN's network of servers. Nevertheless, according to ESPN some information about ESPN's servers is publicly available, such as the domain names and IP addresses of those servers. ESPN faults PageMelding for not identifying the accused hardware by IP address and/or domain name, as well as for not addressing the roles of such identified servers in the alleged infringement.

PageMelding responds that it cannot confidently identify the hardware at issue based on publicly available information. This is because an IP address can correspond to multiple items of hardware, such as when a router with a public IP address communicates with multiple internal pieces of hardware with private IP addresses. In its reply brief, ESPN lists the public information that it believes would be sufficient to identify the hardware at issue.

Again, dismissing the action as a sanction would be unwarranted. PageMelding's

1  disclosures are inadequate, but it is not clear that PageMelding can supply the specificity
2  requested by ESPN. PageMelding is therefore **ORDERED** to supplement its infringement
3  contentions to identify the hardware associated with each claim limitation (*c.f.* Br. 11–12). For
4  any "servers or groups of servers" that PageMelding accuses of infringement, PageMelding must
5  identify: "(i) at least one associated IP address; (ii) the function that the server performs; (iii) the
6  owner of the domains associated with the server; and, (iv) what PageMelding contends is the role
7  of that server — if any — in the allegedly infringing activity" (*c.f.* Reply 7). If PageMelding is
8  unable to supply information corresponding to one of the items in the above list because such
9  information is both non-public and has not been produced in discovery, PageMelding shall so
10 state under oath in detail by an affiant with sufficient knowledge.

### D. Identification of Infringing Software.

In a prior motion challenging the sufficiency of PageMelding's allegations, ESPN asserted that PageMelding could have used publicly-available "generated code" to identify how ESPN's websites infringe (Dkt. No. 42 at 3–4). According to ESPN, by using code viewable with a F12 key, PageMelding could have identified "*what* content is purportedly customized, *where* such content appears within the web pages, and *how* such content is formed" (*id.* at 4 (emphasis in original)). In its present motion, ESPN now asserts that PageMelding's infringement contentions are still inadequate. ESPN contends that PageMelding's use of "generated" code, rather than the original code "transmitted" by ESPN (viewable by means other than the F12 key), fails to show that ESPN's conduct is infringing.

PageMelding responds that giving ESPN what it asked for was enough and that it had no burden to investigate beyond what ESPN requested. PageMelding also insists that regardless of ESPN's objections, PageMelding's infringement contentions properly set forth its infringement theories.

This order holds that PageMelding's shall be limited to the "generated" code on which it now relies. Put differently, PageMelding shall be **PRECLUDED** from relying on other publicly-available code to prove infringement. To the extent that ESPN contends that the code identified

by PageMelding is produced by non-parties, and that ESPN therefore cannot infringe, such a contention is properly resolved on a motion for summary judgment or at trial.

ESPN also contends that in "some instances" PageMelding has failed to identify any software associated with a claim limitation, but ESPN only provides a single example of this alleged deficiency. Regarding this specific example — software related to service requests — PageMelding is **ORDERED** to update its infringement contentions to identify what a "service request" is, what receives it, and how it is relayed (*c.f.* Br. 11, 13). As before, if PageMelding is unable to identify specific software associated with its allegations because the software and/or code is both non-public and has not been produced in discovery, PageMelding shall so state under oath in detail by an affiant with sufficient knowledge.

### E. The Parties' Requests for Attorney's Fees and Costs.

ESPN's motion for a sanction of dismissal is unsuccessful. PageMelding is not entitled to fees and costs for preparing its opposition, however. ESPN's motion identifies several continuing deficiencies in PageMelding's infringement contentions. Although ESPN's opening brief relied in part on a spurious contention that PageMelding should exhaustively identify individual web pages, this was not ESPN's primary basis for its motion, and ESPN abandoned this argument. Accordingly, PageMelding's request for fees and costs incurred in responding to the motion for sanctions is **DENIED**.

ESPN contends that its objections to PageMelding's infringement contentions demonstrate that "PageMelding had no objective basis to file this lawsuit to begin with" (Reply 5). On this basis, ESPN asks for an award of attorney's fees and costs associated with preparing its own motion for sanctions.

ESPN's "me too" request for fees and costs is not well-taken, especially given the denial of its motion for a sanction of dismissal. ESPN's request for fees and costs is likewise **DENIED**.

### CONCLUSION

ESPN's motion for a sanction of dismissal and the parties' cross motions for fees and costs are **DENIED** without prejudice to a fresh look at the issue of sanctions at the end of trial or

after summary judgment. PageMelding shall update its infringement contentions in accordance with the guidance provided by this order no later than **JANUARY 11 AT NOON**.

**IT IS SO ORDERED.**

Dated: January 4, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE